**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 1:17 Cr. 20604 (CMA)**

UNITED STATES,

    Plaintiff,

vs.

SERGIO ALEXANDER PAREDES JEREZ,

    Defendant.

_____ /

**DEFENDANT SERGIO ALEXANDER PAREDES JEREZ' OBJECTION**

**TO THE PRESENTENCE INVESTIGATION REPORT**

COMES NOW the defendant SERGIO ALEXANDER PAREDES JEREZ, by and through his undersigned counsel, and presents his Objection to the Presentence Investigation Report ("PSI")[docket entry 179], and states as follows:

1. <u>Objection to Paragraph 41 of the PSI</u>: the defendant's plea agreement stipulates that a two-level role adjustment is appropriate in this case; we now object to the PSI's recommendation that a three-level upward role adjustment would be more suitable. We object to this primarily because the defendant is being treated unfairly in comparison to several of his co-defendants.

2. The Sentencing Guidelines provide a four-level enhancement "[i]f the defendant was an organizer or leader of [certain] criminal activity." United States Sentencing Guidelines Manual § 3B1.1(a) (Nov. 2014). The commentary explains that "titles such as 'kingpin' or 'boss' are not controlling." *Id*. § 3B1.1 cmt. n.4. Instead, the sentencing

judge considers the following factors: (1) [the] exercise of decision-making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others. *United States v. Martinez*, 584 F.3d 1022, 1026 (11th Cir. 2009) (quoting *United States v. Gupta*, 463 F.3d 1182, 1198 (11th Cir. 2006)); *accord* U.S.S.G. § 3B1.1 cmt. n.4. But "[t]here is no requirement that all of the considerations have to be present," *Martinez*, 584 F.3d at 1026 (quoting *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005)), and "[t]here can . . . be more than one person who qualifies as a leader," U.S.S.G. § 3B1.1 cmt. n.4. Indeed, section 3B1.1 requires only "evidence that the defendant exerted some control, influence or decision-making authority over another participant in the criminal activity." *Martinez*, 584 F.3d at 1026.

3. By the correct legal standards, all of the defendants in the case are probably deserving of upward role adjustments. However, since some defendants, three of whom were previously sentenced (Luis Andres Jilon Romo, Wilber Roberto Castro Valencia and Alex Salazar Villareal), received no role adjustment at all and "safety-valve" treatment, we object to my client's proposed three-level adjustment.

4. As will be discussed below, these three co-defendants all deserved upward role adjustments and at least two of them should have also received upward adjustments for firearm possession and/or violence. Based on all of these facts my client should also not receive an upward adjustment, or at least certainly not a three-level adjustment.

5. As explained at the plea hearing, the defendant helped to coordinate the delivery of large cocaine shipments but he was not himself an owner of the drug loads. In addition, he did not possess a firearm in connection with the offense and did not use or threaten the use of violence.

6. Attached as Exhibit A to this document is a federal agent's affidavit submitted in connection with my client's extradition. Paragraphs 10, 12 and 14 of that affidavit relate to co-defendants Luis Andres Jilon Romo, Wilber Roberto Castro Valencia and Alex Salazar Villareal.

7. Jilon Romo "controlled logistics" and handled "all aspects" of preparing drug loads for shipment. On its face, this describes a manager or supervisor of criminal activity involving more than five people. He also handled "security" for the drug loads – security in large cocaine transportation business necessarily involves the use of firearms in case anyone tries to steal the valuable cargo, or for other reasons.

8. Wilber Roberto Castro Valencia negotiated prices with Mexican drug customers of these Colombian drug sellers. Castro Valencia was actually a drug owner, above my client and Jilon Romo and Salazar Villareal in the hierarchy of drug conspirators, that is how he was able to negotiate prices since employees and transporters do not typically have discretion to negotiate prices. Just as importantly, Castro Valencia obviously used and threatened the use of violence since he held people as "collateral" – this is a DEA euphemism for a kidnapping. These kidnapped people (representatives of the buyers) were not free to leave until the drugs arrived safely; they were held until the drugs could

    be confirmed as safely received by the buyers – this is normal the international drug business.

9. Paragraph 14 is the most remarkable as it describes Alex Salazar Villareal as a "leader" and "manager" of the conspiracy, yet he received no role adjustment at all at sentence.

10. Because a three-level upward role adjustment for my client would result in a manifestly unfair guidelines range in comparison to other defendants in the same case, we object.

WHEREFORE, the undersigned moves this Court to sustain the foregoing objection to the PSI in this case.

Date: September 14, 2021        Respectfully submitted,

Alexei Schacht
Admitted *pro hac vice*
123 West 94th Street
New York, New York 10025
(646) 729-8180
alexei@schachtlaw.net

/s/Scott Kalisch
SCOTT KALISCH
435 South Oregon Avenue, Suite 104
Tampa, Florida 33606
Telephone 305 660-0808
scottkalisch@bellsouth.net

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Objection to the PSI was filed with the Clerk of the Court using the CM/ECF system and that all parties in the docket were also served in that manner; in addition, I served the Objection upon United States Probation Officer James Thomas by email at james_thomas@flsp.uscourts.gov and A.U.S.A. Joseph M. Schuster by email at joseph.schuster@usdoj.gov.

Alexei Schacht

/s/Scott Kalisch